## 23629. FIRST NATIONAL BANK & TRUST COMPANY OF AUGUSTA v. SUN INSURANCE OFFICE, LTD.

CANDLER, Presiding Justice. The First National Bank & Trust Company of Augusta (hereinafter referred to as the bank) purchased a policy of non-recording insurance from Sun Insurance Office, Ltd. Such insurance provides coverage to lending institutions on loans made in which personal property subject to recording statutes, such as automobiles, is pledged as collateral and where its lien on the pledged property is not recorded. An exclusion provision of the policy which the bank purchased provides: "This insurance shall not indemnify the insured in respect of any loss or losses: . . . (h) resulting from any loan made to a dealer when the property is for resale." While this policy was of force, the bank loaned R. E. Pinson $3,513.60 and, as security for such loan, Pinson gave the bank a bill of sale to a described automobile. The bill of sale was not recorded, and Pinson on November 16, 1963, sold the pledged automobile to Roy F. Shears, a resident of South Carolina.

The bank sued Sun Insurance Office, Ltd. for $3,059, the value of the automobile Pinson had pledged as security for his loan. The suit was defended on the ground that the automobile which Pinson had pledged as security for his loan was one held by him for resale as a dealer at the time he obtained his loan and for that reason there was no policy coverage as to it. By consent, the case was tried by the judge without a jury. The plaintiff's evidence showed without dispute: Pinson, as sole owner, operated a used automobile business under the trade name of Georgia Motor Sales. At the time of obtaining his loan, he stated to J. Wade Mixon, the bank's assistant cashier and the person he dealt with in negotiating his loan, that the automobile being pledged as security therefor was not for resale but was being held by him solely for his wife's personal use. At the same time he signed a form supplied by the revenue commissioner for a certificate of title to the pledged automobile showing title to such automobile in him personally and not as a dealer and also showing that he held title to such automobile subject to the loan the bank was making to him, which form he promised to file with the commissioner but failed to do. About two months after the loan was made to him, Pinson, trading in

the name of Georgia Motor Sales, sold the pledged automobile to Roy F. Shears, who had no notice or knowledge of the bank's lien on it, and the bank through such sale lost its security interest in and to such automobile. On these facts the trial judge found and held that the plaintiff bank was entitled to have and recover from the defendant the sum of $3,059, the proven value of the automobile. From that judgment the defendant gave notice of an appeal to the Court of Appeals. That court reversed the trial court's judgment and in so doing held: "It can be demonstrated that the one reasonable interpretation of the exclusion clause is that the insurer is not liable for losses resulting from any loan made to a dealer when the property is, in fact, held for resale at any time during the insurance coverage period, whether or not there was any evidence that it was for resale at the time of the loan . . . Under our construction of the policy, moreover, the fact that the dealer may have even actually intended at the time of making the loan not to resell the automobile would not prevent the automobile from being considered as held for resale if it is in fact resold by the dealer, either in his individual or dealership name, during the insurance coverage period." *Sun Insurance Office, Ltd. v. First Nat. Bank & Trust Co.*, 113 Ga. App. 782 (149 SE2d 753). On application therefor this court granted certiorari to review that holding. *Held:*

1. A decision of the question presented to this court for review depends upon the meaning of exclusion "h" of the policy. The bank contends that it should be construed to mean that if the automobile pledged as security for Pinson's loan was not held by him for resale at the time he obtained the loan, the automobile pledged therefor would be covered by the policy. The defendant insurer by a brief filed in this court agrees that this is the meaning which should be given to such exclusion provision of the policy. We think the meaning placed on exclusion "h" by the parties is correct and that the meaning given it by the Court of Appeals is erroneous. Such exclusion unquestionably relates to loans made to a dealer when the pledged property is held for resale at the time such loan is obtained. If exclusion "h" of the policy should be construed as having the meaning placed upon it by the Court of Appeals, a lending institution, after purchasing non-recording insurance, could never safely make a loan to an auto-

mobile dealer though knowing at the time of making such loan that an automobile pledged as security therefor was not then held for resale by such dealer. Therefore, we do not agree with the meaning given to exclusion "h" of the policy by the Court of Appeals.

2. In the instant case the defendant insurer plead as an affirmative defense that the pledged automobile was at the time Pinson obtained his loan held by him as a dealer for resale. The burden was on it to establish this defense by a preponderance of the evidence and this, we think, it failed to do. But to the contrary, we think the plaintiff bank by competent evidence introduced on the trial proved that the pledged property was not held by Pinson for resale at the time he obtained his loan and pledged it as security therefor.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 12, 1966—DECIDED SEPTEMBER 22, 1966—REHEARING DENIED OCTOBER 6, 1966.

*Hull, Towill & Norman, Julian B. Willingham,* for appellant. *Smith, Ringel, Martin & Lowe, Ralph H. Witt, Robert W. Beynart,* for appellee.

